KING, P.J.,
dissenting:
¶ 22. I dissent from the majority opinion adopted herein.
¶ 23. This is an appeal from the granting of a JNOV by the trial court against Appellant Hammack, the plaintiff at trial.
¶ 24. On July 23, 1989, Hammack was alleged to have raped Barlett. This matter was reported to the Lowndes County Sheriffs Department, which after conducting an investigation, filed charges of rape against Hammack and one other person.
¶ 25. Hammack was scheduled for a preliminary hearing on this charge in justice court on September 11, 1989. For reasons which do not appear in the record, this rape charge was dismissed without a preliminary hearing. The record does not reflect by whom the request for dismissal was made. The record does reflect that Barlett did not request dismissal of the rape charge.
¶ 26. After having been dismissed without prejudice, this matter was presented to the Lowdnes County Grand Jury, which in November 1989, indicted Hammack for sexual battery.
¶27. On August 21, 1990, Barlett requested that the indictment against Ham-mack be dismissed. Barlett testified that she made this request because (1) this matter had been going on for over a year, (2) she had been called to the courthouse on some three or four occasions for trial, only to be sent back home because the trial was delayed, (3) she felt that she was not being treated fairly in the processing of this charge, (4) her friends had taken off from work on several occasions to testify, only to be sent home because the cause was continued, and (5) she had met her new husband, and wanted to get on with her life. No testimony was offered in the record to contradict Barlett’s stated reasons for requesting a dismissal of the sexual battery indictment.
¶28. According to figures compiled by the National Center for Victims of Crime and Crime Victims Research and Treatment Center, only 16% of rapes are ever reported to the police. Among the reason given for not reporting the other 84%[1] of *856 rapes are (1) the private nature of the event, (2) the stigma attached to the event, and (3) a belief that no purpose would be served by its report. These reasons for not reporting would be consistent with Barlett’s reasons for dropping the sexual battery charge.
¶ 29. Upon dismissal of the sexual battery indictment, Hammack filed a civil action for malicious prosecution against Bar-lett in the Lowndes County Court. The issues were tried and the case submitted to the jury, which returned a verdict for Hammack in the amount of $6,680.00.
¶ 30. Upon motion by Barlett, the trial court granted a motion for JNOV, holding that the evidence was insufficient as a matter of law to establish (1) the institution of criminal proceedings by the Defendant (2) lack of probable cause, and (3) the existence of malice in bringing the charge of sexual battery.
¶ 31. Hammack then appealed to the Lowndes County Circuit Court, which affirmed the action of the trial court. Ham-mack has now appealed to this Court, and the majority seeks to reverse and render this case.
¶ 32. While some argument may be had as to whether (1) Barlett instituted the proceedings against Hammack, and (2) if so, was there probable cause for its institution, I do not believe that the record establishes malice.
¶ 33. The majority opinion states that malice may be inferred from the totality of the circumstances. It then cites as the circumstance that Barlett was married and seeking a divorce when this incident occurred. There is no explanation how these facts may serve as a foundation upon which to find malice. There is no suggestion that Barlett’s divorce was to be impacted by this action. There is no suggestion that any matters of child custody, alimony or property distribution would be impacted by Barlett’s actions. While malice may be inferred from the totality of circumstances, there must be some circumstance established. There were none established here. For this reason, I believe that no malice was proven, and that the trial court properly granted JNOV. The reasons given by Barlett for requesting dismissal of the sexual battery charges are neither unreasonable, nor contradicted. Where these reasons exist, an inference of malice is inappropriate.
¶ 34. While I observed previously that probable cause was subject to argument, I believe that it, like malice, also fails. The majority correctly identified probable cause as an honest belief that the event occurred, but then, by speculation finds no probable cause existed. As a basis for this the majority cites the variance between Linda’s statement to the investigator of what Barlett said at the party, and what each testified to at trial. This completely ignores the testimony of officer Cook that it is not unusual to get a conflict in statements.
¶ 35. The majority also states that a phone call alleged to have been made by Fukes to Beatty, could be used against Barlett to infer a lack of probable cause. Such a claim is totally devoid of reason and logic. Lastly the majority would infer a lack of probable cause from Barlett’s ability to recall a statement made by Ham-mack, not withstanding her intoxication. Drunk or sober, this was a traumatic event. There was no proof offered that drunks lack the ability to recall traumatic events.
¶ 36. Because I believe that Hammack also failed to prove lack of probable cause, I would affirm.
¶ 37. Rape is a horrific crime, which frequently goes unreported. Having been victimized by their attacker rape victims don’t wish to be again victimized by the judicial system.
¶ 38. To affirm this verdict, with the evidence this questionable, could only have *857 a chilling effect on the reporting of crimes of sexual victimization.
BRIDGES, IRVING, AND PAYNE, JJ., JOIN THIS DISSENT.

. 75% of all rapes are committed by someone known to the victim. These include acquain *856 tances 29%, significant others 21%, other relates 27%